UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| **ANDRE D. PERKINS** | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:13-0488 |
| | ] | Judge Trauger |
| **WARDEN HENRY STEWARD** | ] | |
|     Respondent. | ] | |


## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Henry Steward, Warden of the facility, seeking a writ of habeas corpus.

On September 13, 2002, the petitioner pled guilty in Davidson County to possession with the intent to distribute .5 grams of cocaine. Docket Entry No.19-1. For this crime, he received a sentence of twelve (12) years in prison. *Id*.

The sentence was suspended and the petitioner was placed on probation. When the petitioner violated the terms of his probation, the state court reinstated his original sentence. Docket Entry No.21-1 at pgs.6-10.

On May 15, 2013, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 1). In the petition, it is

1

alleged that the petitioner was denied credit for pre-trial detention (8/13/01 - 9/12/02). It is also claimed that the petitioner has been denied credit for time served while he was awaiting the revocation of his probation (12/03/04 - 8/11/05). The petitioner believes that, if he is properly credited with this time, that he is entitled to an immediate release from custody.

After examining the petition, the Court determined that the petitioner may not have properly exhausted his state court remedies prior to coming into federal court. 28 U.S.C. § 2254(b)(1)(A). Accordingly, an order (Docket Entry No.7) was entered directing the petitioner to show cause why his petition should not be dismissed for that reason.

In response to the order to show cause, the petitioner stated that "for each claim in his petition there is an absence of available state process or the existence of circumstances rendering such process ineffective to protect the rights of the petitioner". Docket Entry No.10 at pg.1.

Petitioner's response to the show cause order, if true, would constitute an exception to the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(B). For that reason, an order (Docket Entry No.11) was then entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently pending before the Court are respondent's motion to

dismiss the petition (Docket Entry No.19) for failure to exhaust, and the petitioner's motion (Docket Entry No.20) to amend the petition.[1]

Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - § 2254 Cases.

The respondent contends that this action is subject to dismissal because the petitioner has not yet fully exhausted his state court remedies.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b); Rhines v. Weber, 544 U.S. 269,274 (2005). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal

---

[1] The motion to amend includes petitioner's claim that he has already exhausted his remedies *via* a letter to the state court judge, Docket Entry No.20 at pg.4, and his acknowledgment that he currently has a Petition for Declaratory Order pending in state court that challenges the calculation of his sentence.

rights. O'Sullivan v. Boerckel, 526 U.S. 838,842 (1999). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509,522 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Clinksdale v. Carter, 375 F.3d 430,437-438 (6th Cir. 2004).

The petitioner bears the burden of proving that he has satisfied the exhaustion requirement. Rust v. Zent, 17 F.3d 155,160 (6th Cir.1994). The respondent submits evidence showing that the petitioner currently has a Petition for Declaratory Order pending in the Chancery Court of Davidson County challenging the calculation of his sentence. Docket Entry No.21-1 at pgs.2-3. The petitioner acknowledges the existence of this action. Docket Entry No.20 at pg.2. He argues, though, that this action has been rendered futile and ineffective to protect his rights because he can not afford to pay the filing fee for the Petition. *Id.*

The petitioner's inability to pay the filing fee does not render the process ineffective or futile *per se*. The action remains pending and, should the Petition be denied, the denial can be questioned on appeal. Therefore, the Court finds that the petitioner has failed to carry his burden of exhaustion.

When a petitioner has failed to exhaust all available state

4

court remedies with respect to each claim in his petition, the Court is obliged to dismiss the petition without prejudice. <u>Rose v. Lundy</u>, *supra*. Accordingly, the Court finds merit in the respondent's motion. The motion shall be granted and this action will be dismissed. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge